IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARA BEAN, Individually and as Guardian and Next Friend of D.R.J., a Minor,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br>Serve: Registered Agent<br>       The Prentice-Hall Corporation System, Inc.<br>       221 Bolivar Street<br>       Jefferson City, MO 65101<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT
### COUNT I – PHARMACY NEGLIGENCE

COMES NOW Plaintiff Sara Bean, Individually and as Guardian and Next Friend of D.R.J., a Minor, and for her Complaint for Pharmacy Negligence against Defendant Walgreen Co. states as follows:

### PARTIES

1. Plaintiff Sara Bean is the natural mother and legal guardian of D.R.J., a minor. Sara Bean is a resident and citizen of the State of Missouri.

2. Defendant Walgreen Co. ("Walgreens") is an Illinois corporation, organized and existing under the laws of the State of Illinois. Walgreens is registered to do business in the State of Missouri and is in good-standing. Walgreens is a resident and citizen of the State of Illinois. Defendant Walgreens owns and operates Pharmacies all over the State of Missouri. Including the pharmacy located at 460 North Highway 67 Street, Florissant, Missouri 63031.

## DIVERSITY JURISDICTION/VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1332 because Plaintiff Sara Bean is a citizen of the State of Missouri and Defendant Walgreens is a citizen of the State of Illinois and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in this Court because the Defendant's wrongful acts and the injuries to D.R.J. took place in the Eastern District of Missouri, Eastern Division.

## FACTS

4.  On July 2, 2016 Plaintiff Sara Bean, went to the Walgreens Pharmacy located at 460 North Highway 67 Street, Florissant, Missouri 63031, and picked up a prescription for methadone for her son, D.R.J. Dr. Mary Chismarich prescribed methadone for treatment of D.R.J.'s severe pain associated with several decubitus ulcers.

5.  On July 3, 2016 Ms. Bean gave D.R.J. his methadone medication. Later that afternoon, D.R.J. started vomiting. Ms. Bean put him to bed but continued to check on him every 30 minutes. At around approximately 11:15 p.m. Ms. Bean went into D.R.J.'s room and found him pale and blue and it appeared that he was not breathing. Ms. Bean carried D.R.J. into the living room and started CPR.

6.  Mr. Tim Jackson, D.R.J.'s father called 911 and the paramedics arrived around 11:34 p.m. to find D.R.J. pale and not breathing. The paramedics administered Narcan and D.R.J. began to breathe on his own and his color returned. The paramedics placed a non-rebreather mask (NRB) on D.R.J. in order to immediately administer a high-concentration of oxygen. D.R.J. was rushed to DePaul Hospital. At DePaul D.R.J. was placed on Narcan drip, and after several hours, the doctors at DePaul were able to stabilize him and have him transported to Mercy Hospital for further care.

7. At Mercy Hospital D.R.J. was admitted to the pediatric intensive care unit (PICU) and diagnosed with a methadone overdose. In the PICU he was treated for respiratory failure with hypoxemia (low oxygen in the blood), hypoxia (deprivation of adequate oxygen supply to the tissues), hypercapnia (excess of carbon dioxide in the bloodstream), cardiac failure, and toxidrome (a syndrome caused by a dangerous level of toxins in the body). D.R.J. remained in the PICU for three days.

8. The methadone prescription Dr. Mary Chismarich had written for D.R.J.'s methadone called for a concentration of 10 mg/5 ml twice a day. Contrary to the prescription ordered, Walgreens provided the methadone with a concentration of 10 mg/1 ml twice a day. As a result, D.R.J. received five times the amount of methadone that he was supposed to receive according to the prescription by Dr. Chismarich.

## DUTY / BREACH

9. Walgreens is a healthcare provider as defined by §538.205(4) RSMo. At all relevant times, Defendant Walgreens acted by and through its employees and agents and had a healthcare-provider relationship with Plaintiff Sara Bean. As such, Walgreens, as a licensed pharmacy, had the duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of the medical/pharmacy profession in providing properly and accurately filled prescriptions to D.R.J., a minor.

10. Defendant Walgreens was negligent in that it failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical pharmacy profession by not following the prescription ordered by Dr. Mary Chrismarich resulting in a methadone overdose of D.R.J.

## CAUSATION / DAMAGES

11. As a direct and proximate result of Defendant Walgreens' negligence as set forth above, D.R.J. received five times his usual dose of methadone in one day, resulting in the following injuries and damages:

    a. Respiratory failure;

    b. Cardiac failure;

    c. Hypoxia;

    d. Hypoxemia;

    e. Hypercapnia;

    f. Toxidrome;

    g. Medical expenses in excess of $25,000;

    h. Conscious pain and suffering; and

    i. Loss of enjoyment of life.

12. Walgreens' conduct as set forth above was reckless and showed a complete and conscious indifference to the safety of D.R.J., thereby entitling Plaintiff to punitive damages in order to punish and deter Defendant Walgreens and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendant Walgreen Co. in an amount in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, as and for D.R.J.'s actual damages, for Plaintiff's costs, prejudgment and postjudgment interest, punitive damages and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT II – RES IPSA LOQUITUR

COMES NOW Plaintiff Sara Bean, Individually and as Guardian and Next Friend of D.R.J., a Minor, and for Count II of her Complaint against Defendant Walgreen Co., states as follows:

13.     Plaintiff herewith adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of this Complaint, the same as if fully herein set forth.

14.     Defendant Walgreens had complete control, right to control, and management of the manner in which the methadone prescription for D.R.J. was filled.  As set forth above, D.R.J.'s methadone prescription was improperly filled which is the type of event that does not ordinarily happen when those in charge use due care.  The fact of Walgreens' improperly dispensing the methadone prescription for D.R.J. and the reasonable inferences therefrom it is clear that this occurrence was directly caused by Defendant's negligence under the legal doctrine of Res Ipsa Loquitur as accepted in the State of Missouri.

15.     Walgreens' conduct as set forth above was reckless and showed a complete and conscious indifference to the safety of D.R.J., thereby entitling Plaintiff to punitive damages in order to punish and deter Defendant Walgreens and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendant Walgreen Co. in an amount in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, as and for D.R.J.'s actual damages, for Plaintiff's costs, prejudgment and postjudgment interest, punitive damages and for such other and further relief as the Court deems just and proper, the premises considered.

DOWD & DOWD, P.C.

BY: /s/ Douglas P. Dowd
DOUGLAS P. DOWD (MO29240)
LIA OBATA DOWD (MO60999)
Attorneys for Plaintiff
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
(314) 621-2500
Fax No. (314) 621-2503
doug@dowdlaw.net
lia@dowdlaw.net